IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTHONY A. BUTLER,

    Plaintiff,

v.

THE COUNTY OF EAU CLAIRE, WI, et al.

    Defendants.

ORDER

Case No. 23-cv-864-wmc

---

Plaintiff Anthony A. Butler has submitted a certified inmate trust fund account statement for the six-month period preceding the complaint in support of a motion to proceed without prepaying the filing fee. The court must now determine whether plaintiff qualifies for indigent status and, if so, calculate an initial partial payment of the filing fee.

Even when a prisoner litigant qualifies for indigent status, the litigant must pay a portion of the filing fee pursuant to 28 U.S.C. § 1915(b)(1). Using information for the relevant time period from plaintiff's trust fund account statement, I calculate plaintiff's initial partial payment to be $0.39. For this case to proceed, plaintiff must submit this amount on or before February 6, 2024.

If plaintiff does not have enough money to make the initial partial payment from a regular inmate account, then plaintiff should arrange with prison authorities to make the payment from a release account. However, prison officials will draw funds first from the plaintiff's regular account, and then, if any portion of the payment remains, from the plaintiff's release account. *Carter v. Bennett*, 399 F. Supp. 2d 936 (W.D. Wis. 2005). Federal courts have no authority to order state officials to allow a prisoner to withdraw funds from a release account for any other purpose. *Id*.

ORDER

IT IS ORDERED that:

1. Plaintiff Anthony A. Butler is assessed an initial partial payment of $0.39. Plaintiff must submit a check or money order payable to the clerk of court by February 6, 2024 or advise the court in writing why plaintiff is not able to make the initial partial payment.

2. If plaintiff fails to make the initial partial payment by February 6, 2024, or fails to show cause why the payment could not be made, then I will assume that plaintiff wishes to withdraw this action voluntarily. In that event, the case will be dismissed without prejudice to plaintiff refiling at a later date.

3. No further action will be taken in this case until the clerk's office receives the initial partial payment as directed above and the court has screened the complaint as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2). Once the screening process is complete, the court will issue a separate order.

Entered this 9th day of January, 2024.

BY THE COURT:

/s/
ANDREW R. WISEMAN
United States Magistrate Judge