IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANTHONY A. BUTLER,

                Plaintiff,                              ORDER

v.

                                                      23-cv-864-wmc

THE COUNTY OF EAU CLAIRE, WI, DAVE RIEWESTHAL,
OTTO, DACHEL, HURETA, POLLARD, ROSENBAUN,
PECK, RUSSELL, MILLER, REAGAN, and SUE,

                Defendants.

Plaintiff Anthony Butler has filed a response to defendant Susan Koch's updated status report on the Wellpath bankruptcy proceedings and this court's order for plaintiff to provide a valid reason not to stay this case further. (Dkt. #37.) In the updated status report, Koch's counsel explained how the U.S. Bankruptcy Court for the Southern District of Texas's confirmation order affected litigation. *First*, Koch's counsel explained that "[a]ll claims against the *Debtors* must be satisfied through the treatment set forth in the Plan." (Dkt. #35, at 2 (emphasis added).) Koch's counsel further explained that "determining the amount of each claim against a Debtor defendant can be done two ways," including via a "non-binding alternative dispute resolution process." (*Id.*) *Second*, Koch's counsel explained that *all non-debtor defendants* (including employees like Koch) were released from liability for claims that arose prior to bankruptcy. (*Id.* at 2-3.) In particular, counsel explained that "[a]ll parties, including Plaintiff in this matter, are deemed to have released their claims against any non-debtor defendant under Article IX (D) of the Plan, unless they opt out of such releases [by July 30, 2025]." (*Id.* at 3.)

Plaintiff indicates that he would like to participate in the non-binding alternative dispute resolution process. (Dkt. #37.) **Unfortunately, this court has no way of knowing and is not advising plaintiff as to his best course of action.** Instead, if plaintiff has questions about the impacts of the bankruptcy on his claim, he should direct those to the U.S. Bankruptcy Court for the Southern District of Texas, legal counsel of his own choosing, or counsel for the unsecured creditors, listed as:

> Attorneys Nicholas Zluticky and Zachary Hemenway
> Stinson LLP, 1201 Walnut Street, Suite 2900, Kansas City, MO 64106
> (816) 842-8600
>
> Attorney Paul Possinger
> Proskauer Rose LLP
> 70 West Madison, Suite 3800, Chicago, IL 60602-4342
> (312) 962-3550.

Having said that, if plaintiff wishes to opt-out of the third-party release, **he must do so by delivering such election (by checking the appropriate box on his Ballot, or by another means of written communication, to indicate that he elects to opt out of the Plan's release provisions) to the Debtors, the Claims and Solicitation Agent, or the Bankruptcy Court by July 30, 2025. Of course, opting out of the bankruptcy release would also mean plaintiff would not receive a payment, if any, as part of that proceeding.**

Finally, because the court understands plaintiff to raise no objection to this court further staying this case, IT IS ORDERED that this case is STAYED through August 8, 2025.

Dated this 4th day of June, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge