IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANTHONY A. BUTLER,

    Plaintiff,

v.

OTTO, DACHEL, HURETA, POLLARD,
ROSENBAUN, PECK, RUSSELL, MILLER,
REAGAN and NURSE SUE,

    Defendants.

ORDER

23-cv-864-wmc

*Pro se* plaintiff Anthony Butler is proceeding against defendants on Eighth Amendment excessive force and deliberate indifference claims. The case was stayed between May 5 and August 8, 2025, due to a suggestion of bankruptcy filed by Nurse Sue for Wellpath, LLC. (Dkt. #34). Then on August 20, the court ordered the parties to file a status report by August 27. (Dkt. #40.) On August 25, defendant Nurse Sue filed a motion for judgment on the pleadings. (Dkt. #41.) Finally, on October 30, the remaining defendants filed a motion to dismiss for lack of prosecution. (Dkt. #45.)

Butler may not have received the court's order or defendants' motions because, when the court mailed Butler his copy of the court order directing the parties to file a status report, it was returned as undeliverable. However, it is not the obligation of either the court or the clerk's office to search for litigants; rather, it is the litigant's responsibility to advise the court of any change to his or her contact information. *See Casimir v. Sunrise Fin., Inc.*, 299 F. App'x 591, 593, 2008 WL 4922422 (7th Cir. 2008) (affirming denial of a Rule 60(b) motion where movants claimed they did not receive notice of summary judgment due to a house fire, adding that "all litigants, including pro se litigants, are responsible for maintaining communication

with the court"); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of the lawsuit."). Indeed, the court warned Butler that his failure to apprise the court of his current address could cause the court to dismiss his case for failure to prosecute. (Dkt. #13 at 5.) Accordingly, since it is now apparent that Butler has abandoned this lawsuit, the court now will dismiss this lawsuit with prejudice for failure to prosecute.

### ORDER

IT IS ORDERED that:

1) Defendants' motion to dismiss for lack of prosecution (dkt. #45) is GRANTED as unopposed, and plaintiff's claims are dismissed with prejudice for failure to prosecute.

2) Defendant Nurse Sue's motion for judgment on the pleadings (dkt. #41) is DENIED as moot.

3) The clerk of court is directed to enter judgment accordingly and close this case.

Dated this 7th day of November, 2025.

                BY THE COURT:
                /s/
  &nbsn;             WILLIAM M. CONLEY
                District Judge